# EXHIBIT B-2



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 31323557**
**Date Processed: 04/30/2025**

| | |
|---|---|
| **Primary Contact:** | Shari Asarch<br>Avis Budget Group Inc.<br>379 Interpace Pkwy<br>Parsippany, NJ 07054-1131 |
| **Electronic copy provided to:** | Robyn Leibfred<br>Legal Mailbox<br>Paul Gallagher<br>Barbara Smith |

| | |
|---|---|
| **Entity:** | Avis Car Sales, LLC<br>Entity ID Number  3697339 |
| **Entity Served:** | Avis Car Sales LLC |
| **Title of Action:** | Robert Graham vs. Avis Car Sales LLC |
| **Matter Name/ID:** | Robert Graham vs. Avis Car Sales LLC (17255207) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202522118 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/30/2025 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Cory Fein Law Firm<br>713-730-5001 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Receipt Number: 105/687
Tracking Number: 74470063

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202522118

| | |
|---|---|
| PLAINTIFF: GRAHAM, ROBERT | In the 189th Judicial |
| vs. | District Court of |
| DEFENDANT: AVIS CAR SALES LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: AVIS CAR SALES LLC (A LIMITED LIABILITY COMPANY) MAY BE SERVED THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on April 1, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

   ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 23, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: TAIASHA BRADFORD

Issued at request of:
FEIN, CORY STEVEN
8915 SKIPPING STONE CT
HOUSTON, TX  77064-
832-259-6926
Bar Number: 06879450

Tracking Number: 74470063

CAUSE NUMBER: 202522118

| | |
|---|---|
| PLAINTIFF: GRAHAM, ROBERT | In the 189th |
| vs. | Judicial District Court |
| DEFENDANT: AVIS CAR SALES LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.
Executed at (address) _____.
in _____ County
at _____ o'clock _____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____       _____

                            _____ of _____

County, Texas

_____        By: _____
        Affiant                                      Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
                Notary Public

4/1/2025 11:38 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 99126724
By: Monica Jackson
Filed: 4/1/2025 11:38 AM

CAUSE NO. _____

| | | |
|---|---|---|
| Robert Graham | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Avis Car Sales, LLC | § | |
| | § | |
| Defendants | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Robert Graham complains of Defendant Avis Car Sales, LLC, and would respectfully show the Court the following:

### I.    Jurisdiction and Venue

1.    Pursuant to Texas Civil Practice and Remedies Code ("TEX. CIV. PRAC. REM. CODE") § 24.007 and the Texas Constitution Section 8, Article V (general jurisdiction), this Court has jurisdiction over Defendants because Plaintiff's damages exceed the minimal amount-in-controversy requirement.

2.    Pursuant to TEX. CIV. PRAC. REM. CODE § 17.042(1)(2) and (3), this Court has jurisdiction over the Defendants because Defendants contracted with a Texas resident to perform a contract in this state, committed a tort in this state, and recruited a Texas resident for employment in this state.

3.    Venue is proper in this County pursuant to TEX. CIV. PRAC. REM. CODE § 15.002(a)(1) because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

1

## II.    Discovery Level

4.    Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## III.    Statement Regarding Monetary Relief

5.    Plaintiff seeks damages of $250,000.00.

## IV.    Parties

6.    Plaintiff Robert Graham ("Graham" or "Plaintiff") is a resident of Texas.

7.    Defendant Avis Car Sales, LLC ("Avis") is a limited liability company incorporated in Delaware, with members that are citizens of New Jersey and with a principal place of business at 6 Sylvan Way, Parsippany, NJ 07054, and or 379 Interpace Pkwy, Parsippany, NJ 07054. It is a wholly owned subsidiary of Avis Budget Car Rental, LLC. It can be served through its Texas registered agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

## V.    Facts

### A.    Graham's Employment

8.    Robert Graham ("Graham") began working for Avis in April 2021. He was hired to be the Finance Manager but in October 2022 began working as the General Manager also. He agreed to cover both positions because he thought it would only be temporary, and he wanted to be a team player.

9.    He was generally recognized as an excellent employee and received text messages from his Regional Manager, Geoff Hartman, praising his work and his results.

10.    When Graham began covering the General Manager position, his new responsibilities included inventory control and keeping an eye on Recon (the cost of getting the vehicles ready for sale, including replacing the tires, minor painting, and body fixes done by third-

2

party vendors.) He was also responsible for working with Jose at Angel's Detailing to clean up the cars to ready them for sale.

11.    In December 2022, Graham got a call from a customer who sold the car he bought from Avis and wanted to cancel the aftermarket products. One of the products they wanted to cancel was Smartshield. Graham investigated the car sale and saw that the customer paid $499 for Smartshield, but there was no Smartshield contract.

12.    Graham contacted Geoff Hartman, his Regional Manager, to approve a Smartshield refund because the customer never got Smartshield installed on his car. Hartman refused to approve the refund, stating that every vehicle that goes through Avis's detail procedure (with Jose at Angel's Detailing) has the Smartshield product put on the car and no refunds are allowed.

13.    Graham spoke with Jose about the procedure and how he applied Smartshield. Graham was shocked when Jose told him that in the three years he has been detailing cars for Avis he has never put Smartshield on any cars that he prepared for Avis to sell.

14.    Graham learned later Angel's Detailing charged extra for adding Smartshield to a car and that Avis did not want to pay the extra fee and thus never put Smartshield on the cars that Avis sold.

15.    Jose showed Graham stacks of boxes of the Smartshield product in a shed. Graham learned that every box of Smartshield delivered to the dealership was either in the shed or stashed throughout the property.

**B.    Graham's Refusal to Engage in Illegal Acts**

16.    When Graham talked to Hartman about Avis charging customers $499 for Smartshield that was never applied to their cars, Hartman told him, "Your job is to sell it; that's it."

3

17.    In the first week of January, after a few days of losing sleep, Graham told Hartman that he was not comfortable charging customers $499 for a product that was never applied to their cars and misrepresenting to customers that their cars had Smartshield.

18.    Avis's paperwork represented to customers that the cars had Smartshield and there was a sticker on the cars that falsely represented the cars had Smartshield.

19.    Graham told Hartman that if Avis is going to charge customers for Smartshield, and represent that their cars had Smartshield, Avis needed to pay Jose to apply the Smartshield to the cars.

20.    Graham told Hartman that he would not agree to continue defrauding customers by falsely charging them for Smartshield and lying to them about their cars having Smartshield.

21.    Hartman left the room without responding.

### C.    Graham's Termination

22.    After this confrontation, Hartman's attitude towards Graham abruptly changed.

23.    Hartman stopped praising Graham's performance and began berating him (privately and in front of others) in a blatant attempt to get Graham to quit.

24.    When Graham did not quit and refused to participate in further fraud on customers, Avis retaliated against Graham.

25.    Avis fabricated a pretextual reason for terminating Graham, falsely accusing him of unethical behavior and poor performance, suspended him for two weeks, then terminated him.

### D.    Avis's Illegal Acts

26.    Avis's conduct described above is a crime.

27.    Texas Penal Code §32.23(b) makes it a crime to display, offer for sale, or sell a product with a counterfeit mark. The crime is a felony if the value of the item is more than $2500.

4

28.     The number of cars sold by Avis with the false Smartshield mark, makes Avis's crime a felony.

29.     Avis's conduct also violated Texas Penal Code §32.42(b)(4) (selling mislabeled tangible personal property); §32.42(b)(7) (falsely representing that tangible personal property is of a particular style, grade or model); and §32.42(b)(8) (advertising property with intent not to sell it as advertised.)

30.     To the extent some cars were sold to elderly buyers, Avis's conduct also violated Texas Penal Code §32.55.

31.     Avis committed this crime repeatedly against hundreds of customers. Its criminal conduct was intentional because Plaintiff clearly explained the criminal activity to his supervisors who made very clear that they planned to continue committing the crime.

### VI.     Sabine Pilot Doctrine

32.     In the case of *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), the Texas Supreme Court recognized a cause of action for terminated employees who: (1) were asked (implicitly or explicitly) to commit an illegal act carrying criminal penalties; (2) refused to engage in the illegal act; (3) were discharged; and (4) the sole reason for their discharge was the refusal to commit the illegal act. This is known as the *Sabine Pilot* exception to the at-will employment rule. Mr. Graham fulfills each requirement.

33.     Avis asked Graham to engage in the illegal conduct, as described above. He refused to engage in the illegal act. Immediately after Graham's refusal to engage in the illegal act he was suspended, then terminated.

34.     Avis can point to no legitimate alternative reason for terminating Graham.

35. Graham was generally recognized by Avis as a reliable and productive employee for the duration of his employment.

36. There is no legitimate substantiation of any decline in performance or disregard for expectations that would support an alternate cause for Graham's termination.

## VII. Respondeat Superior

37. At the time of the occurrence, Hartman and the other individuals in charge of Graham's employment and eventual termination were the agents, servants, and employees of Avis with actual authority for the acts described herein. Therefore, Avis is liable to Plaintiff for the acts of Hartman and the other individuals in charge of Graham's employment and eventual termination, under the common law doctrine of respondeat superior. Further, Avis subsequently ratified and approved these actions.

## VIII. DAMAGES

38. Graham's damages include the value of his salary plus benefits.

39. After Graham's termination, he was out of work for about eight months from April 1, 2023 through November 2023. Additionally, after November 2023, he worked at jobs that paid less than Avis and had other periods of unemployment.

40. After Defendants terminated Graham, he experienced severe mental anguish and emotional distress, to be valued by a jury.

## IX. Cause Of Action

### Count One

### Wrongful Termination Under The *Sabine Pilot* Doctrine

41. All paragraphs of this Petition are incorporated herein by reference.

42.    Avis (via its agents acting in the course and scope of their employment) asked Plaintiff (implicitly or explicitly) to commit illegal acts carrying criminal penalties, as alleged above.

43.    Plaintiff refused to engage in the illegal acts.

44.    Avis suspended, then discharged Plaintiff because of Plaintiff's refusal to engage in this illegal conduct.

45.    Avis's sole reason for suspending and discharging Plaintiff was his refusal to commit the illegal acts.

46.    Avis's retaliation and termination proximately caused Plaintiff to suffer damages, including lost income, lost employment benefits, job search expenses, mental anguish, and emotional distress.

## X.    Prayer

WHEREFORE, Plaintiff prays for the following relief: back pay, interest on the back pay, and compensation for any special damages sustained as a result of the retaliation, including litigation costs and reasonable attorneys' fees, past and future earnings, lost employment benefits (including health insurance benefits and retirement contributions), job-search expenses, damages for humiliation, mental anguish, and emotional distress, pre and post-judgment interest, and any other relief that this Court deems appropriate, all collectively in an amount to be determined at trial; and such other relief as the Court deems just and equitable.

## XI.    Jury Demand

47.    Plaintiff hereby demand a jury trial on all issues triable to a jury and remits the appropriate fee herewith.

## XII.    Mandatory Disclosures

48.    Plaintiff reminds Defendant that, under Texas Rule of Civil Procedure 194.2, they must provide the mandatory disclosures within 30 days after the first answer is filed without awaiting a request.

Dated:  April 1, 2025

Respectfully submitted,

**CORY FEIN LAW FIRM**

By:    */s/ Cory S. Fein*
        Cory S. Fein (SBN 06879450)
        13105 Northwest Fwy, Suite 705
        Houston, TX  77040
        Telephone:  (713) 730-5001
        Facsimile:  (530) 748-0601
        E-mail:  cory@coryfeinlaw.com

**Attorneys for Plaintiff**