# EXHIBIT B-7

5/23/2025 9:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 101196188
By: Deandra Mosley
Filed: 5/23/2025 9:22 AM

**CAUSE NO. 2025-22118**

| | | |
|---|---|---|
| **ROBERT GRAHAM,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **AVIS CAR SALES, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **189TH JUDICIAL DISTRICT** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES TO PLAINTIFF'S ORIGINAL PETITION**

Defendant Avis Car Sales, LLC ("Defendant") files its Answer and Affirmative and Other

Defenses in response to Plaintiff's Original Petition filed by Robert Graham ("Plaintiff"). In

support thereof, Defendant respectfully states the following:

## I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general

denial of the matters pleaded in Plaintiff's Original Petition and requests the Court require Plaintiff

to prove each of his charges, claims, and allegations by a preponderance of the evidence or by

clear and convincing evidence as required by the Constitution and the laws of the State of Texas.

Defendant respectfully requests that it be allowed to plead further and additional defenses in this

case as the facts surrounding this matter are developed.

## II.   AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing general denial, and pleading in the alternative

where necessary, Defendant asserts the following affirmative and other defenses.  In doing so,

Defendant does not waive Plaintiff's burden of proof required on any element of any claim or

cause of action asserted by Plaintiff, and Defendant does not assume the burden of proof except to

the extent required on pure affirmative defenses.

## FIRST DEFENSE

Plaintiff has failed to state, in whole or in part, a claim in law and fact upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff was an at-will employee, as that term is defined under the common law of Texas, and his employment could be terminated at any time for any reason not specifically prohibited by state law and with or without cause.

## FOURTH DEFENSE

To the extent that any of the unlawful conduct alleged in Plaintiff's Original Petition actually occurred, such actions were taken by individuals acting outside the scope of their employment, were contrary to policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

## FIFTH DEFENSE

The employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's alleged refusal to perform an illegal act carrying criminal penalties.

## SIXTH DEFENSE

Plaintiff was not required to commit an illegal act which carries criminal penalties.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by his own conduct or the conduct of others over whom Defendant exercised no control.

## EIGHTH DEFENSE

Plaintiff's claims fail because he cannot show a causal connection between any alleged protected activity and an adverse employment action.

## NINTH DEFENSE

Plaintiff has failed to mitigate his alleged damages, if any exist, in whole or in part, and Defendant is entitled to an offset of the extent of any amounts Plaintiff earned or should have earned.

## TENTH DEFENSE

Plaintiff's claims for any compensatory and/or punitive damages, as well as for other relief, are unavailable and/or subject to all applicable statutory caps and limitations. Any claims Plaintiff makes or may make for punitive or exemplary damages are also unwarranted because Defendant acted in good faith and with the reasonable belief that its actions were lawful.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, and/or laches.

## TWELFTH DEFENSE

Plaintiff's claims are barred, or his recovery should be offset, by the after-acquired evidence doctrine, if applicable.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to any damages because all actions Defendant took towards him were in good faith and with reasonable grounds to believe that its acts or omissions complied with all applicable laws, and Plaintiff cannot show that Plaintiff willfully violated any law with respect to its treatment of him.

3

**FOURTEENTH DEFENSE**

Plaintiff's claims for actual damages and other relief are subject to all applicable statutory caps and limitations.

*****

Defendant reserves the right to plead additional defenses as appropriate.

## III.    PRAYER

WHEREFORE, Defendant Avis Car Sales, LLC prays that Plaintiff Robert Graham take nothing herein and that Defendant have judgment for its costs and for such further relief, at law or in equity, to which it may be justly entitled.

Dated:  May 23, 2025                                    Respectfully submitted,


                                                       */s/ Nehal S. Anand*
                                                       Nehal S. Anand
                                                       Texas Bar No. 24070600
                                                       nanand@littler.com
                                                       N. Brenda Adimora
                                                       Texas Bar No. 24109563
                                                       badimora@littler.com
                                                       LITTLER MENDELSON, P.C.
                                                       1301 McKinney Street, Suite 1900
                                                       Houston, Texas 77010
                                                       Telephone:    713.951.9400
                                                       Facsimile:    713.951.9212

                                                       **ATTORNEYS FOR DEFENDANT**
                                                       **AVIS CAR SALES, LLC**

4

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was served on counsel of record, *via* e-file notification on this 23rd day of May, 2025 to:

Cory S. Fein
CORY FEIN LAW FIRM
13105 Northwest Fwy, Suite 705
Houston, TX 77040
cory@coryfeinlaw.com

***Attorney for Plaintiff***


/s/ N. Brenda Adimora
Nehal S. Anand
N. Brenda Adimora

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Juan Morales on behalf of Nehal Anand
Bar No. 24070600
jmorales@littler.com
Envelope ID: 101196188
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Answer and Affirmative and other Defenses to Pltf's Original Petition
Status as of 5/23/2025 1:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cory Fein | | cory@coryfeinlaw.com | 5/23/2025 9:22:35 AM | SENT |
| Brenda Adimora | | badimora@littler.com | 5/23/2025 9:22:35 AM | SENT |
| Nehal SAnand | | nanand@littler.com | 5/23/2025 9:22:35 AM | SENT |